## MENGEL BOX CO. v. DULIN.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1909.)

### No. 2,993.

MASTER AND SERVANT (§ 218*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—ASSUMPTION OF RISK.

Plaintiff, a boy 18 years old, while operating a grooving machine in defendant's box factory, slipped on the floor, and his hand was caught by the knives and injured. He had been working around the machine for a year, and operating it for two or three weeks. While of low mentality, he testified that he knew the floor was slippery, and that if he slipped his hand was likely to come in contact with the knives and be injured. *Held,*

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the injury resulted from a risk which he appreciated and assumed, and that defendant was not liable therefor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 603, 604, 608; Dec. Dig. § 218.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action by Will J. Dulin, by his next friend, against the Mengel Box Company. Judgment for plaintiff, and defendant brings error. Reversed.

Millard F. Watts, William M. Williams, Tyson S. Dines, and William R. Gentry, for plaintiff in error.

Albert C. Davis and Chester H. Krum, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. On the 26th day of August, 1907, Will J. Dulin was in the employ of the Box Company and engaged in operating a grooving machine in its factory at St. Louis, Mo. The machine was used to cut grooves in tobacco boxes for the internal revenue stamp. On the day mentioned Dulin, while pushing a box against the knives in the grooving machine, slipped on the floor where he was standing, and by reason of his slipping his hand was caught and injured by the machine. He brought suit against the Box Company, by his next friend, to recover damages for the injury thus received. The only ground of negligence specified in his petition was the putting of Dulin to the work of operating said machine without instructions or caution which would enable him to comprehend and appreciate the dangers of operating the same. It was also alleged that Dulin was of low mentality, of which the Box Company had been advised prior to the date of the injury. Dulin recovered a judgment in the court below.

At the close of all the evidence, counsel for the Box Company requested the court to direct a verdict in its favor, for the reason that Dulin's injuries were caused by the ordinary risks and hazards of his employment which he must be deemed to have assumed. The request was denied, and this action of the court is now assigned as error. We are of the opinion that the request of counsel for the Box Company ought to have been granted. The uncontradicted evidence shows that for a period of one year Dulin had been in the employ of the Box Company in dragging boxes along the floor to the machine in question; that he had worked upon this same machine off and on for two or three weeks prior to the accident. In regard to his knowledge of the danger attending the operation of the machine, Dulin himself testified as follows:

"Q. Then you knew, if you slipped, your hand would be liable to go into the machine? A. Yes, sir. Q. And you knew, if your hand went into those knives, you would be severely hurt? A. Yes, sir. · Q. The foreman told you that? A. Yes, sir. Q. You saw the knives cut wood? A. Yes, sir. Q. So you knew

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

they would cut? A. Yes, sir. Q. And you knew the floor was slippery, because you sometimes put soapstone on there yourself? A. Yes, sir. Q. And you knew anything on it was liable to slip, because you saw the boxes slip on it? A. Yes, sir."

The evidence did show that Dulin was of low mentality; but notwithstanding this it did not appear anywhere in the evidence but that he knew and fully appreciated the dangers attending the operation of the machine. It appeared in the evidence, according to the testimony of Dulin's mother, that some time in April, 1907, she had a conversation with the superintendent of the Box Company, wherein she informed him that Dulin was weak-minded; but she also testified that she also said to the superintendent that she hated to have the boys tease Dulin, and hoped it would be stopped, because, if Dulin killed a boy down there, after she had told the superintendent, then Dulin would not be responsible for it. It thus clearly appears that the mother was warning the Box Company against Dulin as a dangerous person, and not that he was unfit to operate the machine in question. But, regardless of any warning, or of the low mentality of Dulin, it appears clearly that he fully knew and appreciated the dangers attending the operation of the machine. Dulin was 18 years of age, and under the rule established by this court in St. Louis Cordage Co. v. Miller, 126 Fed. 495, 61 C. C. A. 477, 63 L. R. A. 551, Glenmont Lumber Co. v. Roy, 126 Fed. 524, 61 C. C. A. 506, Denver & R. G. R. R. v. Norgate, 141 Fed. 247, 72 C. C. A. 365, 6 L. R. A. (N. S.) 981, Kirkpatrick v. Railroad, 159 Fed. 855, 87 C. C. A. 35, and Federal Lead Co. v. Swyers, 161 Fed. 687, 88 C. C. A. 547, must be held to have assumed the risk attending the operation of the machine.

Judgment reversed, and new trial ordered.